## CIRCUIT COURT OF SHENANDOAH COUNTY

Woodstock Hotel Corp.

v.

DeLane Holtzman Feagans et al.

July 12, 1973

By JUDGE ELLIOTT MARSHALL

In this case it is necessary to construe a restriction included in a deed to a lot:

. . . no building shall be erected thereon except a residence and necessary outbuildings thereto so long as the property owned by O. L. Sheetz . . . is occupied as a residence . . . .

The Sheetz property is now occupied by the defendant as a residence but a substantial two-story building at the rear of the lot contains a beauty parlor business on the first floor and an apartment on the second floor.

The restricted lot is owned by the plaintiff and is vacant.

To begin with, it was the obvious intention of the parties to preserve the two properties for residential use exclusively. The restrictions are mutual but can be terminated unilaterally at will by the owner of the Sheetz property by discontinuing his occupation of the property for residential purposes and devoting it to commercial use. In my opinion, the same would be

true even though a portion of the Sheetz property were occupied as a residence, if a substantial commercial enterprise occupied any portion of the property.

If the owner of the Sheetz property can use a portion of the property for a beauty parlor it could scarcely be contended that the plaintiff could not operate a similar establishment. It would be too difficult a task to compare volumes of business to exclude the latter. If beauty parlors; why not barbershops? If barbershops; why not other businesses of comparable activities?

The answer, in my opinion, is that once the owner of the Sheetz property elects to conduct any kind of commercial venture which opens any substantial portion of the property to the public, he forfeits the right to deny the grantee the privilege of using his property for commercial purposes.

The cases in 21 A.L.R.3d p. 641 et seq. appear to support the general proposition that the use of property for both residential and business purposes violates a covenant restricting use to residential purpose. I would interpolate to include only commercial uses which involve an invitation to the public to enter and do business, or, of course, any kind of manufacturing activity.

The Virginia cases of Booker v. Old Dominion Land Co., 188 Va. 143, and Ault v. Shipley, 189 Va. 69, cited by defendant both deal with subdivision restrictions.

In Booker the plaintiffs sought a declaratory judgment "cancelling and annulling" the sub-divisions restrictions against commercial use.

In Ault the plaintiffs sought an injunction prohibiting the construction of a Shopping Center on lots restricted to residential use. Some of the dwellings were used for both residence and business.

In each instance the Court held that the restrictions should not be abrogated.

In <u>Booker,</u> in order to grant relief:

It must be established that the <u>whole plan</u> (of the sub-division) has become inoperative and that its objects cannot be carried out. p. 155 (underscoring supplied.)

In <u>Ault</u>:

The <u>development</u> is still strictly a residential one. <u>No business building has ever been constructed in the area.</u> The changes relied upon which have taken place outside the development are more or less remote. They do not destroy or detract from <u>the development</u> as one strictly for homes. p. 78 (underscoring supplied.)

In my opinion the situation in the instant case is far different from <u>Booker</u> and <u>Ault.</u> There the general restrictions were mutually enforcible until or unless the entire scheme of development should be frustrated. The restrictions were mutual and reciprocal. Any lot owner could enjoin his neighbor from operating a beauty parlor in his home, but this would not be enough to hold that the whole plan of subdivision should be abrogated.

Here we are not dealing with large land developments, but only two lots. Our duty is to construe the contract in the light of the circumstances existing: To determine whether the operation of the beauty parlor constitutes an election on the part of the defendant to abrogate the restriction.

In my opinion the restriction has been abrogated by the act of the defendant and I will so decree.